IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY J. WILEY, | 8:20CV306 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| JOHN BRAATEN, | |
| Defendant. | |

This matter is before the court for an initial review of Plaintiff's pro se, in forma pauperis Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff alleges his attorney committed legal malpractice by refusing to file a second appeal from Plaintiff's civil commitment to the Norfolk Regional Center.

II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff indicates his Complaint is filed pursuant to 42 U.S.C. § 1983, but to state a claim under this statute, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a section 1983 violation." *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Plaintiff's Complaint therefore fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

The court does not need to discuss whether the facts alleged in the Complaint are sufficient to state a claim for relief under Nebraska law for legal malpractice, because the court does not have subject matter jurisdiction over such a claim without complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. No facts are alleged in the Complaint to show this to be the case. It is the plaintiff's burden to plead the citizenship of the parties if he attempts to invoke diversity jurisdiction under § 1332. *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

### IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and Plaintiff has not pled any facts to show that he and Defendant are citizens of different States, which might allow the court to exercise

subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff's Complaint therefore is subject to dismissal under 28 U.S.C. §§ 1915(e)(2).

However, the court on its own motion will give Plaintiff 30 days in which to file an Amended Complaint that states an actionable claim against Defendant. If an Amended Complaint is filed within 30 days, the court will conduct another initial review. But if an Amended Complaint is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

IT IS ORDERED:

1. On the court's own motion, Plaintiff shall have 30 days in which to file an Amended Complaint that states a claim on which relief may be granted against Defendant. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline: September 2, 2020: check for amended complaint.

Dated this 10th day of August, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge